UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
ex rel. GREGORY CHABOT,
GREGORY CHABOT, qui tam plaintiff

    Plaintiffs,

v.                                                                              Case No.: 6:06-cv-1532-Orl-31KRS

ROBERTO PEREDES and
STEVE JONES, individually, and
STEVE JONES HOMES, INC.

    Defendants.
_____/

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

COME NOW, Defendants, ROBERTO PAREDES, STEVE JONES, and STEVE JONES HOMES, INC., by and through the undersigned counsel, respectfully request that the Court award attorneys' fees and other related nontaxable expenses per Fed.R.Civ.P. 54(d)(2)(B); 31 U.S.C. § 3730(d)(4).

A.    Introduction

    1.    Plaintiff is Gregory Chabot, on behalf of the United States of America and Defendants are Roberto Paredes, Steve Jones, and Steve Jones Homes, Inc.

    2.    Plaintiff sued Defendants for claims based on the False Claims Act, (31 U.S.C. § 3729-3733).

    3.    At Trial, the Court granted the individual Defendants' motion for judgment as a matter of law in favor of Roberto Paredes and Steve Jones and the clerk entered a dismissal as to the individual parties on March 16, 2010.

    4.    The case was tried before a jury on the remaining allegations against Steve Jones Homes, Inc., the corporate defendant, on one count of submitting a false claim, and the Jury

returned a verdict in favor of the Defendant finding no violation of the statute. The Court entered Judgment on the Verdict on March 18, 2010.

5. The basis of the allegations derived from a bid or RFQ submitted by Steve Jones Homes, Inc., on or about August 21, 2004, to FEMA, the Federal Emergency Management Administration, to provide installation of temporary housing units in Florida subsequent to Hurricane Charley.

6. Defendant initially indicated that it only intended to install ten travel trailers per day. Installation of travel trailers does not require any special Florida licensure and was not in violation of any federal, state or local statute, regulation or ordinance as alleged in the Plaintiff's Amended Complaint.

7. The *ex rel plaintiff*, Gregory Chabot failed to testify at trial in this matter and presented no evidence in support of his claims for damages to the United States in spite of his plea for treble damages from the alleged contract total amounts of $4,945,450.00.

8. Defendants were never notified of any potential violations or noncompliance by any governmental agency, state or federal, and had no notice of any potential erroneous claims until served with process in this matter.

9. Plaintiff was well aware of these elements long before filing this contrived claim and imposed a significant burden on the Defendants forcing them to incur significant costs and impositions during the often times contentious and aggressive litigation.

10. Had this claim been appropriately valued by the Plaintiff or had the evidence in support of same been more reasonably assessed, the necessity for the extensive discovery, including a marathon deposition of the sole government representative, would have been moderated and the need for a full jury trial and outcome not as dramatic.

11.     Clearly, the claims asserted by Plaintiff were for the most part unsupported, vexatious, primarily intended for harassment and therefore fully justify the award of attorneys' fees to the prevailing party.

12.     For the reasons stated herein, Defendants ask the Court to award attorneys' fees in the amount of $77,915.00 to them or that the Court award some portion of those fees. See attached Affidavit attached hereto as Exhibit A.

## MEMORANDUM OF LAW

*31 USC §3730(d)(4)* states that: If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

The Court's award of attorneys' fees to a defendant is a matter of judicial discretion. *United States ex rel Fine v MK-Ferguson Co. (1966, CA10 NM) 99 F3d 1538*. Given the extensive and broad nature of these claims against several FEMA contracting entities and the consistent adverse rulings by the Court as to Plaintiff's lack of foundation for damages as pled, the subject claims are within the scope of consideration provided by *31 USC §3730(d)(4)* for award of attorneys fees to the defendants as being frivolous and clearly vexatious.

Dated: April 1, 2010                                  Respectfully submitted,

**s/ James D. Fuller**
JAMES D. FULLER, ESQUIRE
Florida Bar No.: 0237566
DAMON A. CHASE, ESQUIRE
Florida Bar No.: 642061
Attorneys for Defendants
CHASE | FREEMAN
250 International Pkwy., Suite 250
Lake Mary, FL 32746
(407) 333-7337 - Telephone
(407) 333-7335 – Facsimile
E-mail: jdfuller@chasefreeman.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), I hereby certify that on the 1st day of April, 2010, I contacted opposing counsel, Kevin J. Darken, and he objects to the filing and/or granting of Defendants' Motion for Attorney Fees.

## CERTIFICATE OF SERVICE

I certify that on the 1st day of April, 2010, a true and correct copy of the foregoing has been electronically filed with U.S. District Court, using the CM/ECF system. Notice of this filing will be sent to Kevin J. Darken, kdarken@tampalawfirm.com, Paul M. Meredith, meredithlawfirm@bellsouth.net, Phillip R. Lammens, phillip.lammens@usdoj.gov, and Jennifer Chorpening, jennifer.chorpening@usdoj.gov by operation of the Court's electronic filing system.

**s/ James D. Fuller**
JAMES D. FULLER, ESQUIRE
Florida Bar No.: 0237566
DAMON A. CHASE, ESQUIRE
Florida Bar No.: 642061
Attorneys for Defendants
CHASE | FREEMAN
250 International Pkwy., Suite 250
Lake Mary, FL 32746
(407) 333-7337 - Telephone
(407) 333-7335 – Facsimile
E-mail: jdfuller@chasefreeman.com